UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS GASKINS,                              Case No.: 6:15-CV-580-07-18-TBS

        Plaintiff

vs.

TROPICAL AUTOMOTIVE WHOLESALE GROUP,
INC., a Florida Corporation

        Defendant
_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The undersigned counsel, on behalf of Plaintiff, Dennis Gaskins, submits this Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(a), and in support thereof shows the Court the following:

## FACTS JUSTIFYING RELIEF AND
## SUPPORTING MEMORANDUM OF LAW

The applicable procedural history is as follows: Plaintiff filed its Complaint for Damages in the above captioned case with this Court on April 9, 2015, alleging violation under the federal odometer fraud statute (Doc. 1). Defendant filed its Defendant's Motion to Dismiss on May 6, 2015 (Doc. 9). Defendant's motion was denied on May 21, 2015 (Doc. 12). Counsel for Defendant filed its Motion to Withdraw on September 21, 2015 (Doc. 19). Said motion was granted on October 13, 2015, and the Defendant corporation was instructed in writing that it cannot represent itself and must retain appropriate legal counsel (Doc. 20). M.D. Fla. Local Rule 2.03(a) states "[a] corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." The Defendant corporation has failed to retain new counsel as of the date of this motion as ordered by this Court.

Plaintiff now files its Motion for Summary Judgment, as there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a) provides that

"[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

On October 21, 2015, Plaintiff served a Request for Admission upon Defendant pursuant to Fed.R.Civ.P. 36(a)(1). A copy of said Request for Admission is attached as "Exhibit A." Fed.R.Civ.P. 36(a)(1) states "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Plaintiff mailed said Request for Admission to the address registered with this Court and the Florida Department of State, which was the same address where the Summons in this case was served. Said Request for Admission was returned as undeliverable, unable to forward. A copy of the returned letter is attached as "Exhibit B." The Administrative Procedures for Electronic Filing of the United States District Court Middle District of Florida states "[a]ll attorneys and *pro se* litigants must maintain current information in CM/ECF including name, email address, mailing address, telephone number, fax number, and where applicable, firm name or affiliation." Defendant failed to notify this Court, the State Department of Florida, or Plaintiff of a new address as required under the Administrative Procedures of this Court.

Fed.R.Civ.P. 36(a)(3) states "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendant failed to respond to Plaintiff's Request for Admission within the 30 days required under Fed.R.Civ.P. 36(a)(3). As a result, all requests are deemed admitted pursuant to Fed.R.Civ.P. 36(b),
which states "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Defendant's failure to timely respond to Plaintiff's Request for Admission equates to Defendant having admitted to the following:

1. On or about October 15, 2014, Defendant purchased a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 from a commercial auto auction.
2. At the time Defendant purchased the 2005 Lincoln Town Car with vehicle identification

    number 1LNHM84W85Y635993, that the auto auction announced that the vehicle's true mileage was unknown.

3. At the time Defendant purchased the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, that the auto auction provided Defendant with written documentation that the vehicle's true mileage was unknown.

4. On or about December 8, 2014, Defendant sold a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 to Plaintiff Dennis Gaskins.

5. The total purchase price of the 2005 Lincoln Town Car sold to Plaintiff Dennis Gaskins was $8174.00.

6. Defendant provided Plaintiff Dennis Gaskins with a "Separate Odometer Disclosure Statement and Acknowledgement" form at or about the time of the sale of the 2005 Lincoln Town Car to Plaintiff Dennis Gaskins.

7. Defendant provided Plaintiff Dennis Gaskins with written documentation that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was 99,280 miles.

8. On December 8, 2014, Defendant knew or should have known that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was unknown.

    In addition to the Request for Admission, on October 19, 2015, Plaintiff filed the Affidavit and Supporting Documents of Dennis Gaskins (Doc. 21). Within his affidavit, Plaintiff provided sworn testimony of the transaction involving the purchase of the vehicle from Defendant, and the subsequent problems he experienced. Plaintiff expressly stated that he purchased a vehicle from the Defendant corporation on December 8, 2014, and was expressly told the true mileage of the vehicle was 99,228 miles. Defendant provided to Plaintiff a written "Separate Odometer Disclosure Statement and Acknowledgment", which specifically states that the actual mileage is known, and was 99,228 miles. Plaintiff paid Defendant $8174.00 for said vehicle, a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, in which a written receipt was provided. Plaintiff began to have numerous and extensive problems with the vehicle, which suggested that the vehicle's mileage disclosure was inaccurate. On January 20, 2015, Plaintiff purchased a vehicle

history report to verify his suspicions of fraudulent activity by Defendant. A copy of the vehicle history report was attached to Plaintiff's affidavit. The vehicle history report clearly shows that the vehicle sold by Defendant to Plaintiff was previously sold to Defendant at an auto auction that fully disclosed that the vehicle's true mileage was actually unknown. The true mileage of the vehicle sold to Plaintiff by Defendant was actually unknown, yet was sold to Plaintiff without disclosing this fact for the purpose of fraudulently soliciting a higher price for the vehicle from Plaintiff.

49 U.S. Code §32705(a)(2) states "[a] person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." The sworn testimony of Plaintiff, as well as, and in addition to, the admitted statements from the Request for Admission, firmly establish Defendant's liability under the federal odometer fraud statute. As such, Defendant is liable for the resulting statutory damages, as outlined below. There is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law.

Said actions by Defendant were in direct violation of the federal odometer fraud statutes, which were passed to specifically stop sellers from defrauding buyers in regards to the true mileage of a vehicle being sold. 49 U.S.C. §32710(a) states "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." As such, Defendant is liable to Plaintiff for three times the actual damages pursuant to said federal statute. The statutory damages are liquidated and easily calculable as three times the established purchase price, resulting in liquidated damages of $24,522.00.

Defendant is further liable to Plaintiff for attorneys' fees and costs spent on this matter pursuant to 49 U.S.C. §32710(b), which states "[a] person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." Said fees and costs are unliquidated, and can be determined at a later date by this Court.

WHEREFORE, Plaintiff respectfully demands an Order granting Summary Judgment against Defendant in the amount of $24,522.00. Plaintiff further demands this Court retain jurisdiction to

determine and award appropriate attorneys' fees and costs in this matter. Said Order shall let execution issue.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this 24th day of November by regular mail to Defendant Tropical Automotive Wholesale Group, Inc., 4381 NW 19th Ave., Pompano Beach, FL 33064, the last known address of the corporate Defendant.

/s/ Jim Ippoliti, Esq.

James Ippoliti, Esq.
FL Bar No. 0102674
CELEBRATION LAW P.A.
506 Celebration Avenue
Celebration, FL 34747
Phone:  407-566-0001
Email:  jim@celebrationlaw.com
Trial Co-Counsel for Plaintiff



EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS GASKINS,                                       Case No.: 6:15-CV-580-07-18-TBS

        Plaintiff

vs.

TROPICAL AUTOMOTIVE WHOLESALE GROUP,
INC., a Florida Corporation

        Defendant
_____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

COMES NOW, the Plaintiff DENNIS GASKINS, by and through the undersigned counsel, and hereby requests the Defendant, TROPICAL AUTOMOTIVE WHOLESALE GROUP, INC., pursuant to Rule 36 of the Federal Rules of Civil Procedure, to admit or deny the accuracy of the following statements of fact or of the application of law to fact within thirty (30) days of the date of service hereof:

1. Admit that on or about October 15, 2014, you purchased a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 from a commercial auto auction.

2. Admit that at the time you purchased the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, that the auto auction announced that the vehicle's true mileage was unknown.

3. Admit that at the time you purchased the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, that the auto auction provided you with written documentation that the vehicle's true mileage was unknown.

4. Admit that on or about December 8, 2014, you sold a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 to Dennis Gaskins.

5. Admit that the total purchase price of the 2005 Lincoln Town Car sold to Dennis Gaskins was $8174.00.

6. Admit that you provided Dennis Gaskins with a "Separate Odometer Disclosure Statement and Acknowledgement" form at or about the time of the sale of the 2005 Lincoln Town Car to Dennis Gaskins.

7. Admit that you provided Dennis Gaskins with written documentation that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was 99,280 miles.

8. Admit that on December 8, 2014, that you knew or should have known that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was unknown.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the foregoing to Defendant, Tropical Automotive Wholesale Group, Inc., 4381 NW 19th Ave., Pompano Beach, FL 33064, by U.S. Mail on October 21, 2015.

/s/ Jim Ippoliti, Esq.

James Ippoliti, Esq.
FL Bar No. 0102674
David Chico, Esq.
FL Bar No. 0010318
CELEBRATION LAW P.A.
506 Celebration Avenue
Celebration, FL 34747
Phone: 407-566-0001
Email: jim@celebrationlaw.com
Trial Co-Counsel for Plaintiff



EXHIBIT "B"