UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS GASKINS,

    Plaintiff,

v.                                                Case No:   6:15-cv-580-Orl-18TBS

TROPICAL AUTOMOTIVE WHOLESALE
GROUP, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before me on referral from the district judge.

### I. Background

Plaintiff, Dennis Gaskins purchased a 2005 Lincoln Town Car from Defendant, Tropical Automotive Wholesale Group, Inc. for $8174.00 (Doc. 22 at 2-3). Later, he brought this lawsuit alleging that in the transaction, Defendant violated the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 *et seq.* (2012) (the "Federal Odometer Act"), by failing to properly disclose the vehicle's mileage in an attempt to defraud him and secure a higher sale price for the vehicle (Id. at 1; Doc. 1). The actual mileage on the vehicle when Plaintiff purchased it is not known (Doc. 22 at 2-3). On January 21, 2016, the Court entered summary judgment for Plaintiff and against Defendant on the issue of liability (Doc. 25). The Court retained jurisdiction to determine and award attorney's fees and costs, and referred the matter to me for a report and recommendation on the question of damages. Plaintiff seeks three times the purchase price – which amounts to $24,522.00 – as damages (Doc. 22 at 4).

## II. Discussion

The Federal Odometer Act is a consumer protection statute created to "impose on car dealers various requirements intended to ensure that automobile customers are provided with accurate statements concerning a car's mileage." Coleman v. Lazy Days RV Center, Inc., No. 8:05-cv-00930-T-17-TBM, 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006). The Act provides that "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a) (2012).

Due to its failure to respond to requests for admissions, Defendant has admitted that:

> 1. On or about October 15, 2014, Defendant purchased a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 from a commercial auto auction.
>
> 2. At the time Defendant purchased the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, that the auto auction announced that the vehicle's true mileage was unknown.
>
> 3. At the time Defendant purchased the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993, that the auto auction provided Defendant with written documentation that the vehicle's true mileage was unknown.
>
> 4. On or about December 8, 2014, Defendant sold a 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 to Plaintiff Dennis Gaskins.
>
> 5. The total purchase price of the 2005 Lincoln Town Car sold to Plaintiff Dennis Gaskins was $8174.00.
>
> 6. Defendant provided Plaintiff Dennis Gaskins with a "Separate Odometer Disclosure Statement and Acknowledgement" form at or about the time of the sale of the 2005 Lincoln Town Car to Plaintiff Dennis Gaskins.

> 7. Defendant provided Plaintiff Dennis Gaskins with written documentation that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was 99,280 miles.
>
> 8. On December 8, 2014, Defendant knew or should have known that the true mileage of the 2005 Lincoln Town Car with vehicle identification number 1LNHM84W85Y635993 was unknown.

(Doc. 22 at 2-3). These facts establish that Defendant knew at the time of the sale that the Separate Odometer Disclosure Statement and Acknowledgment it gave Plaintiff was false. This is sufficient to demonstrate that Defendant intentionally committed fraud in the sale of the vehicle to Plaintiff.

Although not defined in the Act, courts typically interpret "actual damages" in motor vehicle cases to mean "the difference between the amount paid by the plaintiff and the fair market value of the car, plus expenses reasonably attributed to the defendant's wrongdoing." Dee Pridgen, et al., Consumer Protection and the Law § 16:13 Westlaw (last visited April 13, 2016); see also Farmers Co-op Co. v. Senske & Son Transfer Co., 572 F.3d 492, 498 (8th Cir. 2009); Oettinger v. Lakeview Motors, Inc., 675 F. Supp. 1488, 1496 (E.D. Va. 1988); Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1388 (D. Neb. 1977). Absent proof of the fair market value, the court may rely on the invoice/receipt price. Cf. C.Itoh & Co. (America) Inc. v. Hellenic Lines, LTD., 470 F. Supp. 594, 598 (S.D.N.Y. 1979); Jones v. Fenton Ford, Inc., 427 F. Supp. 1328, 1336-1338 (D. Conn. 1977).

Plaintiff paid $8,174.00 for the vehicle. This is the only evidence of its value at the time of the transaction. Other sources such as Kelly's Blue Book are of no help because they require the actual mileage before producing an estimate of value. Without this information, any estimate of the fair market value of the vehicle would be purely

speculative. Accordingly, I respectfully recommend that the district judge base his damage award on the receipt price and award Plaintiff treble damages in the amount of $24,522.00.

### III. Recommendation

Now, I respectfully recommend that the district judge award Plaintiff $24,522.00 in damages, pursuant to the court's ruling on the issue of liability and on section § 32710(a) of the Act.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties